24-1060 Harris v. Collins. Counsel, please proceed. Good morning. May it please the Court, Kenny DeHakis representing Mr. Harris. On his behalf, I want to thank this Court for the opportunity to present his appeal. With this appeal, Mr. Harris challenges the Veterans Court's decision for primarily two errors, each of which supports a remand so the Veterans Court can correctly apply the law. First, the Veterans Court impermissibly used the presumption of regularity to make a factual finding that is not supported by any record evidence and was never made by the agency in the first instance. The Veterans Court found that the VA in 2009 mailed certain documents to Mr. Harris's address, but there's no evidence that tells us VA had his mailing address or any mailing address. This violates 7261C and the holding in kind v. Shinseki. Similarly, the second error the Veterans Court committed presumed that certain information was included in the mailing, also without any evidence to support such a finding. The Veterans Court again impermissibly used the presumption of regularity to find that the mailing of the claim applications also included information telling Mr. Harris that he had one year to complete the claim. This is contrary to this Court's precedent, primarily in Butler and Miley. Mr. DeHakis, one concern I have with your case is that some of these questions sound as if they're application of law to fact. Can you help me understand how we have jurisdiction in this case? Right, Your Honor. Thank you. We are not asking this Court to review any factual findings at all. What we're looking for from this Court is to recognize that the Veterans Court made factual findings in the guise of the presumption of regularity for those two specific facts in particular, in addition to what was in the briefing. There was no record evidence at all that tells us what Mr. Harris' mailing address was. The Veterans Court used the presumption of regularity in order to infer that, one, the VA had his address, and two, that the application forms that were sent were sent to that address. In all the other case law that this Court has on this particular subject, there's always something in the record that says where it was mailed to, that there was an address, or in the case of attachments, that the record itself says something was attached, even though those specific documents are not in the record. The presumption of regularity can fill a lot of gaps, but it can't invent facts, which is what the Veterans Court did here. Is it possible that under the facts of this particular case, where it was a form that was being sent, that it seems to me that the Veterans Court would look at the facts of the particular case in order to determine whether the presumption applies? Maybe some of the facts in this particular case are different from the other cases, including that it was either sent or not sent. I believe that there's some document that has at least the city identified in which the Veteran lived. Why wouldn't that be enough? Again, the concern I have is it feels very factual to me, and I wonder whether it's something I'm even supposed to be considering. Correct, Your Honor. I agree that we know from what the record shows that these forms were sent. That's obviously the main dispute about whether or not that happened, but we know that this person wrote in the record that I sent these forms. We know that there is a city and state, but beyond that, we don't know what address the VA had for Mr. Harris, and we don't know whether it was a correct address, and we definitely don't know where these documents were sent. That's our primary dispute with what the Veterans Court did, is that they inferred, using the presumption of regularity, that VA did have his correct address and that they sent these forms to that address. What's the legal issue? We can't resolve fact questions. We also can't resolve applications of law to fact. Correct. Explain to me, as clearly as you can, what the legal issue is that you think we ought to be reviewing in this case. It's twofold, Your Honor. One is that the Veterans Court impermissibly used the presumption of regularity to infer- Impermissibly used. Boy, before you even finish, that sounds like application of law to fact. What's the legal issue? I can't review application of law to fact. The legal issue is that the Veterans Court, Your Honor, made a finding of fact in the first instance in violation of 7261C. That finding was that the VA had the correct mailing address and that they sent the forms to that address. There was no finding by the board. There was no finding. There's no record evidence whatsoever of Mr. Harris' address in 2009. The Veterans Court exceeded its jurisdiction, which is the primary issue that we have with this decision. Where is it that the Veterans Court exceeded its jurisdiction? Show me where you think it is that they did that. So, page 6 of the appendix, Your Honor. No, not page 6. I'm sorry, page 5. The presumption applies. I'm looking at the paragraph beginning with crediting this argument. The presumption applies. It makes little sense to presume that VA discharges duty to mail the formal application, but not to presume its discharges duty to mail it to the proper address and with the required notice. So here, again, the Veterans Court is leveraging the presumption of regularity to make a finding of fact that, again, one, that the VA had his address, and two, that it was sent to that address. In addition to that, with the second error, they doubled down and made another finding of fact that the required notice of the time limit for submitting the application per the regulation was included with that mailing when the evidence only shows that the two forms, the 526 and the 4138, were sent. So your assertion of legal error is that the Veterans Court erred by making this fact finding in the first instance. Correct, Your Honor. Where is that in your opening brief? Page 13. Page 13, Your Honor? Yes. Right. So the Veterans Court erred when it expanded the presumption to allow facts not in the record, and then we cite primarily the kind for the proposition that they can't make findings of fact in the first instance. That was one of the primary issues in that case, in addition to extra record evidence. And then at the bottom of 14, the Veterans Court ruling serves to allow the court to confer additional facts not in the record when applying the presumption of regularity. And that's really the focal point of our dispute with this decision, is that there is no record evidence to lean on to make this finding. And as we know from KIND and we know from other jurisdictional statutes, 7252A, which was cited in KIND, 7261C, 7104A, which is the board's jurisdiction, they have to make determinations based on the record. The presumption of regularity is useful to make certain presumptions, but they have to be based in evidence and not just pure speculation, which is what happened here. And even more egregious, we think the board didn't even make any of these findings whatsoever. The entirety of the board's findings was that... Do I remember correctly, though, that the argument that was made below to the Veterans Court was that the board erred by applying the presumption of regularity? I don't believe that's the... The argument was, Your Honor, that the board did apply the presumption of regularity. That was the argument made by the veteran in this case. To the Veterans Court, Your Honor. That's right. So now arguing that the board didn't apply the presumption of regularity seems inconsistent. No, Your Honor. We're not arguing that the board did not apply the presumption of regularity. They did, but they did it incorrectly. And then the Veterans Court, when it was reviewing the application of this law, went a step further and inferred additional facts that, one, weren't made by the board and, two, are unsupported by the record. And what Mr. Harris primarily argued to the Veterans Court was that the board's determination wasn't based on any evidence at all, and he was essentially... He was primarily asking for the Veterans Court to look at the duty to assist. Of course, that's not before this court. The Veterans Court instead found that there was no duty because it just went ahead and found all the facts, as opposed to ordering the VA to investigate what actually happened and determine what the process is, for instance. We don't even know what the process is because there's no evidence of record that tells us what the process is. The Veterans Court relied on 3.155A as a legal mechanism for triggering the presumption of regularity, but we don't know what the process is. We do know that they sent something. They sent the two forms. That's the extent of the evidence that the evidence shows in this case. We don't know how they do it, what is included with it, who is sent to. None of these additional processes are included in the record. And I think that when you compare that to O'Banion, which the Secretary provided supplemental authority to, this is kind of more of a correct way of the Veterans Court or the Board establishing the presumption where they relied on the M-21 to determine what the process is, and they said this is the process that was used. Right now we just know that a process was used to send these forms somewhere, and beyond that we don't know anything else. The Veterans Court inferred a lot of facts that were beyond its jurisdiction. Counsel, isn't that asking this court to look behind the curtain and fact-find in a way that this court doesn't have jurisdiction to do? No, not at all, Your Honor. We are not asking this court to make any factual determinations. We are simply asking this court to recognize that the Veterans Court exceeded its jurisdiction when it found as a factual matter both that there was an address of record and that the forms were sent to that address, and then secondarily that these attachments notice of the time limits was also included. Again, none of these are based on record evidence. None of these are affirmances of Board fact-finding. These were all done by the Veterans Court using the presumption of regularity in an improper way to make findings of fact in the first instance. We are not asking this court to look at what the facts are just to recognize that the Veterans Court determined the facts on its own in the first instance. Okay, you want to save the rest of your time for rebuttal? I do, Your Honor. Thank you. Let's hear from the government. Good morning, Your Honors, and may it please the Court. I heard a lot of questions from my friend on the other side about this court's jurisdiction, and it is our position that the veteran is asking this court to apply the presumption of regularity to the facts of this case, which is an issue that is outside this court's jurisdiction to consider. Essentially, what the Veterans Court did is it stated the well-established law that the presumption of regularity presumes that in the absence of clear evidence to the contrary, public officers have properly discharged their official duties. In this case, looking at the evidence, the facts of the case, the Veterans Court found that the presumption was not rebutted, that the absence of an address or a cover letter having the address and the absence of a blank form in the file were just insufficient as a factual matter to rebut the presumption of regularity. Well, I think that what most of the oral argument focused on was an argument that the Veterans Court has made some fact findings in the first instance in this case regarding those issues. I mean, we agree, don't we, the Veterans Court, apart from harmless error, can't make fact findings. That's true, isn't it? Yes. So can you respond to his precise argument that was made and most of our time was spent on this morning about whether the Veterans Court made fact findings in the first instance? The Veterans Court did not make any fact findings in the first instance. The Veterans Court never said that there was an address in the file that would have been a fact finding. Rather, the Veterans Court applied the presumption of regularity based solely on the legal requirement in 3.155, which requires that an application form will be forwarded. That's what the Veterans Court did. There was no fact finding. But how can you forward something if you don't have the person's address? First of all, there could have been an address in the file. I believe there was just a question of whether there was a cover letter that had the address. But regardless, the presumption functions. But are we to presume that a file has an address in it? What is the presumption of how does his argument is this veteran's file didn't even have his address in it. So how can you presume? I think that if the address had been in the file, then we could presume that the Veterans Court mailed it to his address as part of the presumption of regularity. But if there's not even an address in the file, how do we presume the Veterans Court mailed it to an address that isn't in the file? And you're saying I don't have to because if the Veterans Court found his address was in the file, we got to agree that's a new fact finding. I don't see anything like that in the board's decision. So if we have to conclude the Veterans Court determined that his address was in the file, that would be a new fact finding by the Veterans Court, which they can't do. So how do I get past all of this? I'm having trouble seeing my way through it. Correct. Again, the Veterans Court did not make a fact finding that there was an address in the file. The Veterans Court presumed based on 3.155A that because the regulation says an application form will be forwarded, that an application form was indeed forwarded. There was no necessity. Okay. On page 5 of the Veterans Court's opinion, it says, let me give you a chance to get it up. On page 5, I'm starting with the paragraph crediting this argument regarding the address. Do you see that one? Yes. Crediting this argument regarding the address, along with Mr. Harris' assertion, the record must affirmatively show the formal application was accompanied by notice. It would strip the presumption of regularity of all practical utility. Whereas here the presumption applies, it makes little sense to presume the VA discharged its duty to mail, but not to presume it discharged its duty to mail to the proper address. So I'm just a little confused. It looks like the VA, that the Veterans Court is concluding that somehow it should presume that the VA mailed a form and mailed it to the proper address, even though the record here doesn't indicate that they had any address on file for the veteran. So how do we, that seems like a leap. I mean, you're saying that's not a fact finding, but it feels like a fact finding or a presumption. I mean, should we presume something was mailed to the proper address when the file doesn't indicate that there's an address on file? I don't know how to parse this. I'm struggling. That's really a question of whether the presumption was rebutted. So 3.155 provides the presumption in that an application will be forwarded. The absence of the address on file could, as a factual matter, rebut the presumption. I'm not necessarily saying it always does. It's quite a fact-intense, fact-specific determination as to whether there was one. You're saying it doesn't always? So let me get this straight. Under what set of circumstances would the presumption not be rebutted? I don't have your address. You say we should presume you mailed me something or I mailed you something, but I don't have your address. Under what circumstances would that not rebut the presumption that I mailed it to you? I don't have your address. Like, you're saying it doesn't always? Like, give me any circumstance where that presumption would not be rebutted. If I don't have your address, how can we possibly presume I mailed you something? Well, I don't have your address. It's a little different than I... Your address is not apparent from what we see in the record here was in the claims file. So if it's flat out, they never had an address, never knew there was an address, nothing indicated anything, that would likely rebut the presumption. But here there are other documents in the claims file. I can't say whether they were in the claims file at the time of the call. But, for example, if you look at appendix page 186, there's a document that shows Mr. Harris' address, a document that predates the call with Mr. Deese. So we're not saying complete absence of address. I think in the opening brief the argument was about a cover sheet specifically saying what address this document was sent to. In the reply brief it was a little bit not clear that they were relying on a cover sheet per se. But the complete absence of an address is different than maybe there was an address, maybe there wasn't an address. Okay, so you're saying this particular claims file did have other documents that preceded this mailing, which indicated the veteran's proper address. Yes, indicated an address. Which is not being disputed as – there's no dispute here, right? Not that I'm aware of. Okay, all right, so indicated the proper address. So you're saying to the extent that we want to credit the presumption of regularity that it was mailed to the proper address, you're saying this is a claims file that did have an address in it, and we know that because there are earlier documents that had it. So this isn't the Veterans Court making fact findings that there's no address anywhere in that file, so we're just going to presume it went to the right address even though there's no address. You're saying that this really is application of law to fact because there were facts. There were facts in the record upon which the Veterans Court could have made this decision. They could have. Again, I can only see that the document that I pointed to on page 186, it predates the call with Mr. Deese, and whether that was in front of Mr. Deese at the time, I can't say. Is that something that – I mean, should this be remanded to the board for fact findings about all this? Well, again, Your Honor, I think we disagree as to whether this involves a fact finding. It's our position that the presumption applies that it was sent to the proper address regardless of what was or was not in the file. How can we presume that something was sent to the proper address if there literally is no address in the file? How can we presume that? You're really losing me on this. If there was no address in the file, how do we presume something was sent to the right address? Because the presumption comes just from the legal requirement in 3.155A. What you're addressing is whether there's evidence or lack of evidence to rebut the presumption, meaning the lack of address on file goes to whether the presumption is rebutted. The presumption is one of regularity. The presumption is not one of necessarily mailing or not mailing. They have to establish. In order for the presumption to kick in, there have to be some baseline facts that are present, right? Like some don't there? Not necessarily because, as this court said in Kine and the Veterans Court has said elsewhere, it's just the legal requirement that establishes the presumption. So the presumption comes from 3.155. Whether there's other facts has to do with whether the presumption is rebutted or not rebutted. Well, who gets to decide if the presumption is rebutted? The Veterans Court or the board initially. Did the board decide that question here? Not entirely. The Veterans Court, as you know, treated the board's decision as having applied the presumption of regularity, but the board didn't. I didn't see those words in the board decision, did you? That is what I'm saying, yes. So the board didn't apply the presumption and then. So if the board didn't apply the presumption and the board made none of the underlying fact findings that would allow the board to weigh whether that presumption was rebutted because they didn't apply the presumption, then how do we let the Veterans Court do that in the first instance? Because to me, this question of whether it's presented, rebutted or not, based on what the record reveals about whether there's an address in the record, that feels like a fact finding. And so I feel like to some extent the Veterans Court is making those fact findings in the first instance and I don't see them reflected in the board decision. So I don't know what to do with that because I do believe, just like we don't have the right to make fact findings, the Veterans Court does not have the right to make fact findings but for a harmless error. Right, I agree. The Veterans Court does, however, have the ability to determine whether the presumption was rebutted on de novo review. They do have that ability. What gives them, if that entails fact findings, what gives them that right? Because the statute clearly says they can't make fact findings. No, I agree they cannot make fact findings. It would have to be based on the facts in the record. No, as already found, not facts in the record. They can't, because making a fact finding, I mean, there's the facts in the record, but there's a difference between facts in the record and making a fact finding. They'd have to be reviewing facts that were already found by the board in weighing whether the presumption of regularity applies, right? They'd have to say, oh, the board found there is an address in the record already. Therefore, the presumption of regularity is this form was mailed to that address. That's the presumption of regularity. But if the board didn't find there's an address in the record at all, how do we let the Veterans Court make that fact finding in the first instance? Again, it's not a fact finding. It's a presumption that the mailing happened based on 3.155. There is no presumption. You agree that the board's opinion doesn't say we're applying the presumption of regularity to find that it was not only mailed, but mailed to the proper address, right? Right. We agree that the board didn't say they were applying the presumption. They do mention the patient's representative note, Mr. D's, has evidence that the form had been mailed. So they do make that fact finding. Where do they find that? That's on page 27. I'm on page 27. Tell me exactly where. Right. The paragraph that starts, although there is no indication that the RO provided an application for benefits, despite the VAMC patient representative noting that he provided the RO with the veteran's address. In a sense, they are making a finding about the veteran's address because they're saying that the patient representative noted that he provided the RO with the address. If there was no address in the record, how could the address have been provided? So they do make that fact finding. Okay. I'm blanking. So there's no indication the RO provided an application for benefits, despite the VAMC patient representative noting that he provided the RO with the veteran's address. Yes. That, to me, is a fact finding that the address was provided to the RO. And then in addition, the board notes that the representative specifically wrote that he mailed the veteran an application. And that's what the Veterans Court, as well, picks up. Can I just ask? I'm sorry to interrupt you, but time is short. So it says he notes that he wrote, mailed the veteran an application, as well as the statement to support a claim. Is there a third document that there's a question about, whether it was also mailed? Or is this everything? Do those two documents cover everything? There was a question that Mr. Harris raised about notice of the timeline required. So when an informal claim is filed and the formal application follows it, there's a certain time period, a year, within which you have to file the formal application. So he also raised the question of whether notice was included. The Veterans Court properly determined that. The presumption also goes to determine that whatever should have been included with the mailing was included with the mailing. Got it. See that? I'm comfortable with that part of the presumption. All right. Okay, anything further? That's it. Thank you. Okay, you have a little bit of rebuttal time. I want to just bring to the Court's attention a couple things about the Veterans Court's decision, and I hope I don't run out of time. Page 5 of the appendix, just above the paragraph that was discussed crediting this argument, if you look in the middle, it says, again, however, absent some indication to the contrary, the presumption of regularity includes the presumption that VA used the proper address. But, again, there's no factual basis, no record basis for this. I think she destroyed you. She destroyed you with page 27, where the board expressly found that the VAMAC patient representative noted he provided the RO with a veteran's address. So there you go. There's a fact-finding by the board that they had. I mean, in fact, it's actually the veteran's own representative saying, hey, I gave that RO his address. So, I mean, even if that address isn't written in the file, which, by the way, it is on prior documents, I mean, you have that from the board. So how is the veteran court really making a fact-finding in the first instance? They're not. They're just saying presumption applies that it was mailed as it would have been to the address that is the address on file, which seems like it was provided by the veteran's own representative. Right, John. And I'm looking in the veteran's court's decision. I'm having trouble finding it. But I do recall that the veteran's court addressed that specific statement and found that what they were really saying is that the patient representative gave the veteran the RO's address, not that they gave the RO his address. And I believe it's on Appendix 3. But, again, I'm having trouble finding it with the shortened time that I have here. But the veteran's court did address that and found that it was the other way around, that they were giving the RO's address to the veteran. And if you look at what the, on page 156, I think it is, what the patient representative actually wrote, it's pretty clear that the veteran's court is correct. But, regardless, again, those are factual things that the veteran's court looked at and said that, no, that's not correct. You know what? I've got to stop you. It doesn't matter if page 156 says what you say it says. I have no authority to review fact findings. I understand. I have a board fact finding on page 27. Right, but the veteran's court addressed that fact finding and found that it was wrong, that the RO was actually, I'm sorry, the patient representative was giving the RO's address to the veteran. And, again, I'm having trouble finding exactly where that is given my limited time. But I did have some other points to make, but I'm happy to find that for you if you. Well, I mean, you're out of time, so I'll give you one minute to go even further than you already have to tell us whatever your other points are. Okay. Well, Your Honor, page 186 of the appendix, these were service records, clearly not a current address. The veteran had already left service, and so that is not anything to rely on. And I would just emphasize that as you were the point that you were making, Your Honor, that without some address in the record, there's just no basis for establishing this. But even beyond that, even if there is an address, there's no basis for showing that the time limit to respond was included in that because, again, there's no evidence. The board didn't make that finding. The veteran's court simply inferred that it would have been included without any basis for that. And until the notification with the time limit is included, the time to respond does not begin, and that's under 38 CFR 3.110. Okay. I thank all counsel. This case is taken under submission.